## ESTABROOK v. BUTTE, ANACONDA & PACIFIC RY. CO.

### No. 11534.

Circuit Court of Appeals, Ninth Circuit.

Sept. 22, 1947.

Frank J. Roe, A. G. Shone and H. L. Maury, all of Butte, Mont., for appellant.

W. H. Hoover, R. H. Glover, John V. Dwyer, J. T. Finlen, Jr., and Sam Stephenson, Jr., all of Butte, Mont., for appellee.

Before DENMAN, STEPHENS and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment awarding appellant $8,000 in a suit for alleged negligence of the appellee railway company, brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. A cross-appeal by the railway was stipulated by the parties to be ordered dismissed.

Appellant, appellee's employe in loading freight on its railway, is found by the district court to have been injured by the negligence of appellee's fellow servant with appellant. The negligence caused a permanent coronary thrombosis which the court found makes appellant forever incapable of doing any work of a manual nature requiring physical or bodily strain.

Appellant left school at 16. He was trained as a steamfitter and, more recently, before his employ as a freight loader for appellee, had been a straw boss in a mine. His heart affliction makes useless all that prior experience and training.

No occupation for him was suggested except possible employment as a clerk at a desk in a class of clerkship where there would be no mental strain, if an employer could be found who would accept such a person as his employe. Appellant has no prior training or experience in clerical work.

Appellant was 40 years of age, strong and in good health prior to his affliction. His normal life expectancy was found by the district court to be 27.45 years during which, if he survived that long, his found permanent condition will cause him pain if he has any physical strain.

Appellant's physician testified that he would quite likely not survive over 10 of the 27.45 years of normal expectancy and the appellee's physician did not contradict this deprivation of a substantial part of appellant's life expectancy, though he stated a case where a person having had such a heart affliction afterwards played golf—a case obviously not within the court's finding of a permanent disablement from any activity requiring bodily strain.

The district court found that at the time of his injury appellant was earning $206.60 per month. The testimony is uncontradicted that an annuity for his expectancy of 27.45 years, yielding him $206.60 per month, bought from a responsible life insurance company, would cost $59,375.

We think that with such uncontradicted testimony of the shortening of a man's life from a condition so found permanent, of a deprivation of all physical activity for his shortened remaining years, of the certainty of pain, if not death, on any active physical exertion, the finding of but $8,000 damages, that is of less than three and one-half

years of his agreed earnings, is entirely inadequate.

The judgment for appellant is reversed and a new trial ordered. The cross-appeal of the railway is ordered dismissed.